RAYMOND NARDO, P.C.
129 Third St
Mineola, NY 11501
(516) 248-2121
Nardo@Raynardo.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jackelyn Martinez Lopez,<br><br>                    Plaintiff,<br><br>    — against —<br><br>JK Maintenance & Services Inc., Jaime Lopez, as an individual,<br><br>                    Defendants. | **COMPLAINT**<br><br>**22-CV-7399** |

Plaintiff, Jackelyn Martinez Lopez, ("Plaintiff"), by counsel, RAYMOND NARDO, P.C., upon personal knowledge, complaining of defendants, JK Maintenance & Services Inc., Jaime Lopez, jointly and severally (collectively referred herein as "Defendants") allege:

## NATURE OF THE ACTION

1. This action seeks all available relief including to recover unpaid overtime and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law ("NYLL") on behalf of Plaintiff.

2. Defendants deprived Plaintiff of the protections of the FLSA and NYLL by failing to pay minimum wage and premium overtime pay for all hours worked in

excess of 40 hours per week.

3. This action also seeks recovery for discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq. ("Title VII") and the New York State Human Rights Law, Exec. Law. §296 et. seq. ("NYSHRL").

4. Defendants deprived Plaintiff of the protections of Title VII and the NYSHRL by engaging in sex discrimination based on Plaintiff's pregnancy.

## JURISDICTION

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7. Jurisdiction is proper based on a federal question and civil rights under 28 U.S.C. §§ 1331 and 1343(a)(4).

8. This court may exercise supplemental jursidction under 28 U.S.C. § 1367.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

10. Plaintiff filed a charge of discrimination at the Equal Employment Opportunity Commission ("EEOC") on or about April 13, 2022.

11. Plaintiff received a Notice of Right to Sue Letter ("NORTS") from the EEOC on September 29, 2022.

12. Plaintiff filed the instant lawsuit within 90 days of receipt of the NORTS.

## VENUE

13. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 because the corporate Defendant is located there, and the cause of action arose there.

## THE PARTIES

**Plaintiff**

14. Plaintiff is an individual residing in Brooklyn, New York.

15. Plaintiff was an employee of Defendants covered by the FLSA and NYLL from on or about April 2021 through March 23, 2022.

16. Plaintiff is not exempt or excluded from coverage under the FLSA.

17. Defendants employ Plaintiff as a Cleaner.

18. Plaintiff's duties include, but are not limited to: vacuuming, dusting, emptying wastebaskets, and other cleaning duties.

19. Defendants employed Plaintiff at Best Buy for three hours per day, from 7:00am to 10:00am, 7 days per week, for a total of 21 hours per week.

20. From January 2022 on, Defendants also employed Plaintiff at TJ MAXX, from 10:00pm to 6:00am, with a one hour break, for 7 hours per day, 5 days per week, for a total of 35 hours per week.

21. During this time, Defendants worked Plaintiff 56 hours per week from

January 2022 through March 2022, but did not pay Plaintiff premium overtime pay.

22. Defendants paid Plaintiff $630 per week for the 35 hours she worked at TJ MAXX and between $230 and $300 per week for the 24 hours she worked at BEST BUY

23. Defendants did not pay Plaintiff premium overtime pay for hours worked in excess of 40 hours per week.

**Defendants**

24. Defendant JK MAINTENANCE & SERVICE INC. is a New York-based company dedicated to the wholesale distribution of nursery stock with its principal office located at 60 Corbin Avenue, Suite I, Bay Shore, NY 11706.

25. JK MAINTENANCE & SERVICE INC. is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed Plaintiff.

26. Defendant JAIME LOPEZ is an owner or principal of Defendant JK MAINTENANCE & SERVICE INC.

27. At all relevant times, defendant JAIME LOPEZ has maintained control, oversight, and direction over Plaintiff. She established Plaintiff's rate of pay, and had the authority to discipline and terminate Plaintiff.

28. Defendant JAIME LOPEZ exercises sufficient control over JK MAINTENANCE & SERVICE INC.'s operations to be considered Plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein,

established and exercised authority regarding JK MAINTENANCE & SERVICE INC.'s employment and pay practices.

29. The business activities of the Defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, or joint employer, within the meaning of the FLSA.

30. Defendant JK MAINTENANCE & SERVICE INC. has 15 or more employees and is an "employer" under Title VII of the Civil Rights Act of 1964.

31. Defendant JK MAINTENANCE & SERVICE INC. is an "employer" under the New York State Human Rights Law.

**DEFENDANTS' FAILURE TO PAY OVERTIME**

32. Defendants suffered or permitted Plaintiff to work more than 40 hours per week without paying Plaintiff minimum wage and premium overtime pay at the rate of time and one-half for hours worked in excess of 40 hours per week.

**DEFENDANTS' VIOLATIONS OF THE
NEW YORK WAGE THEFT PREVENTION ACT**

33. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with a written notice of wage rates within ten days of the time of hire and when the wage rate is increased.

34. Defendants failed to furnish Plaintiff with wage notices as required by § 195(1) of the NYLL.

35. The NYLL and Wage Theft Prevention Act requires employers to provide

all employees with an accurate statement accompanying every payment of wages, which lists the name and phone number of the employer, regular rate of pay, overtime rate of pay, regular hours worked, overtime hours worked, gross wages, net wages, and additional information.

36. Defendants also failed to furnish Plaintiff with accurate statements of wages, as required by § 195(3) of the NYLL.

37. Pursuant to of New York State labor regulations. N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4, Defendants were required to pay Plaintiff an extra hour of pay at the basic minimum hourly wage for each day that Plaintiff's spread of hours worked exceeded 10 hours per day.

38. Defendants failed to pay Plaintiff an extra hour of pay for each hour in which Plaintiff's spread of hours met, or exceeded, 10 hours per day.

**FIRST CAUSE OF ACTION**
**(FLSA – OVERTIME)**

39. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein

40. At all times relevant, Plaintiff was an "employee" within the meaning of 29 U.S.C. §§ 201 *et seq.*

41. At all times relevant, Defendants have been employers of Plaintiff, engaged in commerce and/or the production of goods for commerce, within the meaning of 29 U.S.C. §§ 201 *et seq.*

42. The FLSA requires that employees receive overftime pay for all hours worked in excess of 40 hours per week.

43. Plaintiff was not exempt from the FLSA requirement to pay overtime.

44. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

45. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

46. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

47. As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied overtime pay in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### (NYLL – UNPAID OVERTIME WAGES)

48. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

49. Defendants are "employers" within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and defendants therefore employed Plaintiff.

50. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

51. The NYLL requires that employees receive overtime premium compensation not less than one and one-half times the employee's regular pay rate for hours worked over 40 per week.

52. Defendants have failed to pay Plaintiff premium overtime pay to which Plaintiff is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

53. Through their knowing or intentional failure to pay overtime wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

54. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants unpaid minimum wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**(NYLL – Failure to Provide Wage Notices)**

55. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

56. Defendants have willfully failed to supply Plaintiff with a wage notice, as required by NYLL, Article 6, § 195(1), in English, or in the language identified by

Plaintiff as their primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

57. Through their knowing or intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

58. Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from defendants liquidated damages $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

**FOURTH CAUSE OF ACTION**
**(NYLL – Failure to Provide Wage Statements)**

59. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

60. Defendants have willfully failed to supply Plaintiff with an accurate statement of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer;

address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

61. Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

62. Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover from the Defendants liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

**FIFTH CAUSE OF ACTION**
**(Spread of Hours Pay)**

63. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

64. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

65. Defendant failed to provide Plaintiff with an extra hour of pay for each day in which Plaintiff's spread of hours (start time to ending time) was 10 hours or greater.

66. Defendant is liable for one extra hour of pay to Plaintiff at the basic minimum hourly wage for each day that Plaintiff had a spread of hours greater than ten hours.

### SIXTH CAUSE OF ACTION
### (Discrimination in Violation Title VII)

67. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

68. At all times set forth herein, Plaintiff's work performance was satisfactory or better.

69. Plaintiff cleaned for commercial locations when customers were not present.

70. In March 2022, Plaintiff was approximately six months pregnant and showing.

71. On March 23, 2022, Plaintiff's immediate supervisor, Jaime Lopez, told her that, because of her pregnancy, she could no longer work at the TJ MAXX location or any other location.

72. After Plaintiff delivered her child and sought work from Plaintiff, Defendants refused to hire her.

73. Defendants terminated Plaintiff and discriminated against her because of her pregnancy, in violation of Title VII, causing Plaintiff economic and non-economic

damages.

## SEVENTH CAUSE OF ACTION
### (Discrimination under the NYSHRL)

74. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein

75. Defendants terminated Plaintiff and discriminated against her because of her pregnancy, in violation of the NYSHRL, causing Plaintiff economic and non-economic damages.

## JURY DEMAND

76. Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a. Declaring that defendants have violated the minimum wage and overtime pay provisions of the FLSA, and supporting United States Department of Labor Regulations;

b. Declaring that defendants have violated the minimum wage and overtime provisions, and spread of hour provisions of the NYLL, and supporting regulations;

c. Declaring that defendants' violations of the FLSA were willful;

d. Declaring that defendants' violations of the NYLL were willful;

e. Awarding Plaintiff damages for all unpaid wages;

f. Awarding Plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

g. Awarding damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

h. Awarding Plaintiff liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

i. Issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

j. Awarding Plaintiff damages for Spread of Hours Pay, plus liquidated damages, counsel fees, and costs, pursuant to the NYLL;

k. That this court award the Plaintiff backpay, frontpay, lost health insurance, life insurance, pension, and deferred compensation benefits, retirement benefits, stock options, vacation, personal, sick and accrued leave, which amounts are to be determined at trial, compensatory damages, punitive damages, and an injunction against the employer for any further violations, as well as pre-judgment interest, for Defendant's willful unlawful termination and retaliation in violation of Title VII; NYSHR;

l. That this court award the Plaintiff backpay, frontpay, lost health insurance, life insurance, pension, and deferred compensation benefits, retirement

benefits, stock options, vacation, personal, sick and accrued leave, which amounts are to be determined at trial, compensatory damages, punitive damages, and an injunction against the employer for any further violations, as well as pre-judgment interest, for Defendant's willful unlawful termination and retaliation in violation of the NYSDHR;

  m. Awarding Plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

  n. Granting an injunction requiring defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

  o. Awarding Plaintiff reasonable attorneys fees and costs pursuant to the FLSA, 42 U.S.C. § 1988, and the NYLL;

  p. Awarding such other and further relief as the Court deems just and proper.

Dated: Mineola, NY
   November 17, 2022

            RAYMOND NARDO, P.C.

            By: RAYMOND NARDO, ESQ.
            129 Third St
            Mineola, NY 11501
            (516) 248-2121
            Nardo@Raynardo.com
            *Counsel for Plaintiff*